**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TAMMIE L. MCKNIGHT,**

        **Plaintiff,**

**-vs-**                                         **Case No. 6:05-cv-444-Orl-28DAB**

**ORLANDO UTILITIES COMMISSION,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO COMPEL (Doc. No. 21)**
>
> **FILED:**       **January 6, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

As set forth in Plaintiff's response to the motion, Plaintiff has been uncommunicative with her counsel, thus necessitating the delay and inadequate discovery production to date.[1] Defendant seeks an order compelling discovery, and an order compelling Plaintiff to execute releases in order to obtain her medical and unemployment compensation records. Plaintiff's counsel has no objection to an order compelling discovery, but seeks to withhold attorney-client documents and to limit discovery of

---

[1] Defendant represents, without contradiction, that Plaintiff provided untimely objections to Interrogatories 3, 4 and 12, and failed to provide any response to Interrogatories 1,2,5,6,7,8,9,10,11,13, or 14.

Plaintiff's medical records to the time period of December 1, 2003, through November 30, 2005, with respect to only the health condition at issue here.

Although the objection and assertion of attorney-client privilege was untimely by a few days, the Court accepts the assertion for present purposes, but finds that Plaintiff's counsel must provide a privilege log to the extent it is withholding documents on that basis. Upon receipt of the log, Defendant may challenge the designation as to any particular document, if appropriate.

As to the limitations on health related information, Defendant is entitled to inquire as to Plaintiff's mental and physical health, as it is directly at issue in this disability discrimination action. The discovery requests, however, seek medical information for a 10 to 20 year time span.[2] The Court agrees, in part, with Plaintiff's attempt to limit the scope of the time span. According to the Complaint, Plaintiff first started her employment with Defendant on December 18, 2003. (Complaint, allegation 10). She asserts that she was terminated on July 16, 2004 (*Id.* at 15). The Court fails to see the relevance of medical information one or two decades prior to the date of hire. The motion is granted, to the extent that the time span is limited to five years prior to the date of termination.

In view of the circumstances, the Court withholds motion costs at this point.

Thus, the motion is **granted, in part and denied, in part.** Plaintiff is **ordered** to produce all documents responsive to the Request to Produce, except for the attorney-client documents and health information that is more than five years prior to date of termination, as limited above, within 11 days of the date of this Order. Further, Plaintiff is **ordered** to answer the Interrogatories, except for the same limitations, within 11 days of the date of this Order. Plaintiff is further **ordered** to immediately

---

[2] Interrogatory 4 seeks identification of each person who has treated or examined Plaintiff for any physical or mental condition in the last twenty years. Request to Produce No. 12 seeks all medical records for the past 10 years. Plaintiff objected to both requests as overbroad.

execute and return releases or authorizations tendered by Defendant with respect to Plaintiff's medical records and unemployment compensation records.

**Plaintiff is admonished that failure to timely and fully comply with this Order will result in sanctions, which may include dismissal of this action, the imposition of a monetary sanction against her, or both.**

**DONE** and **ORDERED** in Orlando, Florida on January 18, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record