# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TAMMIE L. MCKNIGHT,**

    **Plaintiff,**

**-vs-**                 **Case No. 6:05-cv-444-Orl-28DAB**

**ORLANDO UTILITIES COMMISSION,**

    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION TO DISMISS COMPLAINT WITH PREJUDICE (Doc. No. 24)**
>
> **FILED:**   February 6, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

  Defendant moves to dismiss the complaint, with prejudice, following Plaintiff's failure to comply with a discovery Order. Plaintiff's counsel has responded (Doc. No. 25), conceding Plaintiff's failure to respond, but asserting that dismissal is inappropriate, as "Plaintiff has not previously violated any order of this Court, and the Court has yet to impose lesser sanctions against Plaintiff" and noting that counsel "does not oppose an entry of a final Order compelling Plaintiff to respond to Defendant's discovery and . . .specifically advising Plaintiff that failure to comply with such final

Order will result in dismissal with prejudice."(Doc. No. 25 at 2).  The Court makes the following findings of fact and conclusions of law:

Plaintiff brought her action, alleging unlawful disability discrimination against her ex-employer, on March 22, 2005 (Doc. No. 1).  On October 25, 2005, Plaintiff's counsel moved to withdraw from the representation, citing "a conflict," and asserting that Plaintiff could be reached by correspondence sent in care of a third party, via a post office box in Texas (Doc. No. 17).  The Court denied the motion, finding that the unspecified conflict did not establish good cause, and noting that Plaintiff did not appear to have a workable address (Doc. No. 18).  Shortly thereafter, Plaintiff's counsel renewed the motion to withdraw, asserting that Plaintiff "refused to assist . . . in the prosecution of her claims" including, among other things, failure to assist in preparation of responses to Defendant's written discovery (Doc. No. 19).  The Court again denied the motion, finding that continued representation of an absent or uncommunicative client is not, in and of itself, violative of the ethical codes.   In so holding, the Court noted:

> The client, of course, must bear the consequences of such compromised representation, which may include dismissal of the action for failure to prosecute or respond to discovery.

(Doc. No. 20).

On January 6, 2006, Defendant moved to compel, asserting that Plaintiff had been non-responsive to discovery requests (Doc. No. 21).  Plaintiff's counsel responded (Doc. No. 22), noting that his client had been non-communicative despite repeated attempts, and he did not oppose entry

of an order compelling her to respond to the outstanding discovery.[1] The Court obliged, and entered an Order which compelled Plaintiff to respond (Doc. No. 23). The Court held:

> Plaintiff is **ordered** to produce all documents responsive to the Request to Produce, except for the attorney-client documents and health information that is more than five years prior to date of termination, as limited above, within 11 days of the date of this Order. Further, Plaintiff is **ordered** to answer the Interrogatories, except for the same limitations, within 11 days of the date of this Order. Plaintiff is further **ordered** to immediately execute and return releases or authorizations tendered by Defendant with respect to Plaintiff's medical records and unemployment compensation records.
>
> **Plaintiff is admonished that failure to timely and fully comply with this Order will result in sanctions, which may include dismissal of this action, the imposition of a monetary sanction against her, or both.**

(Doc. No. 23 - emphasis original). The instant motion followed, alleging that despite the clear mandate of this Order, Plaintiff has failed to provide the discovery.

Defendant seeks dismissal based on Federal Rule of Civil Procedure 37(b)(2)(C), which allows for an dismissal of an action if a party fails to obey an order to provide discovery. Rule 37 also provides for the payment of expenses and attorney's fees caused by the failure, "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Rule 37(b)(2). As noted by Defendant, dismissal is appropriate for a willful or bad faith failure to obey a discovery order, if less drastic sanctions will not suffice to ensure compliance. *Malautea v. Suzuki Motor Co.,* 987 F.2d 1536, 1542 (11th Cir. 1993). The Court finds that dismissal is appropriate here.

As noted by the history of the case summarized above, it is evident that Plaintiff has abandoned this cause and has no further desire to prosecute it. Not only has she completely failed to

---

[1]Counsel did, however, raise certain objections to the scope of the requested discovery, and sought to tailor the requests more narrowly.

respond to the discovery requests or respond to the Court's Order,[2] she has ignored her lawyer's repeated communications,[3] despite the Court's clear warning that sanctions "will" be imposed, including dismissal, a monetary sanction, or both, if she did not timely and fully comply. Although Plaintiff's counsel argues that there has been no imposition of lesser sanctions to date, under these circumstances, it is hard to imagine what lesser sanctions would suffice to capture Plaintiff's attention and ensure compliance. Plaintiff has been admonished twice that the consequences of her non-communication would likely be dismissal of the action (Doc. Nos. 20, 23). She has also been threatened with monetary sanctions. This has not been sufficient to persuade her to attend to her cause. The Court finds no lesser sanctions will suffice at this point. As Plaintiff has chosen by her inaction to abandon the case, it is **respectfully recommended** that the motion be granted, and the case be dismissed, with prejudice. As for attorney's fees, the Court finds dismissal with prejudice to be sufficient relief, and recommends no such award be made to Defendant.[4]

---

[2] Plaintiff's counsel states that he does not oppose the entry of a "final" order compelling Plaintiff to respond to Defendant's discovery and specifically advising Plaintiff that failure to comply with such final order will result in dismissal with prejudice. As is clear, the Court's Order compelling discovery was a final order, as it was not timely appealed to the District Court, and that Order did advise Plaintiff that sanctions, including dismissal, would result from non-compliance. Another such order would be redundant.

[3] Counsel avers that he corresponded to Plaintiff, sending her copies of the motion and the Court Order by priority and certified mail.

[4] As counsel has twice sought withdrawal, and there is no indication that he is in any way responsible for the client's non-responsiveness, it would be unjust to award any monetary sanction against counsel. As for Plaintiff, personally, while the better part of valor would have been direct her attorney to file a Notice of Voluntary Dismissal, in view of her unexplained refusal to communicate with her counsel, the Court presumes willfulness, but not bad faith.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 10, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy